Matter of Estate of Houanche (2025 NY Slip Op 50661(U))

[*1]

Matter of Estate of Houanche

2025 NY Slip Op 50661(U)

Decided on March 18, 2025

Surrogate's Court, Suffolk County

Messina, Jr., S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 18, 2025
Surrogate's Court, Suffolk County

ADMINISTRATION PROCEEDING, 
 Estate of Demetrius Theodore Houanche, a/k/a DEMETRIUS T. HOUANCHE, Deceased.

File No. 2024-3790

Movant's Attorneys Motion #1:
Springs Law Firm PLLC
418 Broadway #6397
Albany, New York 12207
Movant's Attorneys Motion #2:
Milber, Makris, Plousadis & Seiden, LLP
1000 Woodbury Road, Suite 402
Woodbury, New York 11797

Vincent J. Messina, Jr., S.

Upon the following papers number 1 to 3, read on this motion brought by notice of motion by Brigitte Sullivan, for an order seeking issuance of a judicial subpoena: Notice of Motion and supporting papers 1 - 3; as well as prior pleadings filed herein, and
Upon the following papers number 4-8, read on this related motion brought by order to show cause by Metropolitan Transportation Authority a/k/a MTA-Long Island Rail Road, for an order quashing the previously requested judicial subpoena; Order to show cause and supporting papers 4-6; Affirmation in opposition and supporting papers 7-8; as well as prior pleadings filed herein, it is
ORDERED, the motion seeking issuance of a judicial subpoena is denied for the reasons set forth below; and it is further
ORDERED, that the order to show cause seeking to quash the subpoena is moot.
 Background
Decedent died intestate on May 23, 2023, survived by his parents. On December 4, 2024, decedent's mother, Brigitte Sullivan ("Administrator"), was issued limited letters of administration.
Administrator filed a notice of motion ("motion #1") on January 7, 2025, seeking a judicial subpoena issue to the Metropolitan Transportation Authority a/k/a MTA-Long Island Rail Road ("LIRR"), together with an affirmation in support and an affirmation of urgency. An affidavit of service was filed, indicating that the motion papers were served upon the LIRR and their counsel. No opposition was filed in response to motion #1, which appeared on the court's process calendar on January 14, 2025.
On January 27, 2025, LIRR filed an order to show cause ("motion #2"), seeking to quash the requested so-ordered subpoena, pursuant to CPLR § 2304, together with an affirmation in support. Administrator filed an affirmation in opposition on January 29, 2025, together with exhibits. These applications have been consolidated solely for the purposes of this determination.

Arguments
Administrator seeks a judicial subpoena relative to information concerning an incident where a train hit the decedent. Administrator argues that "this court has jurisdiction over any matter that relates to the administration of an estate or the affairs of a decedent including the jurisdiction to issue a subpoena" and cites to Matter of Estate of Kirwood, 28 Misc 3d 1228[A]. 
LIRR notes in motion #2 that pursuant to CPLR § 2307, "judicial subpoenas are to be served upon a justice of the Supreme Court, where there is currently an action pending in this matter." LIRR further argues that the information sought in the subpoena is relative to the pending action in the Supreme Court, as the subpoena is essentially a discovery request in that action. LIRR argues that the information sought is irrelevant to the action in the Surrogate's Court, which is to appoint an administrator of the estate.
Administrator argues in opposition to motion #2, that LIRR denied a previous Freedom of Information Law ("FOIL") request and indicated that the information could be sought by the service of a so-ordered subpoena. Administrator does acknowledge that three lawsuits have been filed in the Supreme Court between the parties herein, and that one of those lawsuits remains pending. However, administrator argues that this court has jurisdiction to issue the subpoena because the surrogate's court has jurisdiction "to administer justice in all matters relating to estates and the affairs of decedents" and quotes from Warshaw v. Yaluk, 2008 N.Y.Misc. LEXIS 1712.
Administrator seemingly relies upon Matter of Estate of Kirwood, 28 Misc 3d 1228[A], and cites all of the authorities addressed therein for the proposition that this court has jurisdiction [*2]to issue the requested subpoena in this matter simply because it relates to the affairs of a decedent and the possible eventual collection of assets of the estate.
Administrator also relies upon SCPA § 2103, which provides for a miscellaneous proceeding by a fiduciary to discover property withheld or to obtain information related to possible assets of a decedent. 
Finally, administrator argues that the subpoena should issue from this court because the limited letters of administration issued restrict the powers of the fiduciary concerning the cause of action of wrongful death to the prosecution and settlement thereof, or defense of any claim related thereto. Pursuant to the restriction in the letters, the fiduciary is not permitted to receive or distribute any monies related to that cause of action without further order of this court.

Discussion
In Matter of Estate of Kirwood, 28 Misc 3d 1228[A], the Surrogate's Court of Dutchess County explains how the surrogate's court has jurisdiction over matters related to decedents, even when there is no matter pending before it at that time. However, Matter of Estate of Kirwood, 28 Misc 3d 1228[A] concerns the deposition of a non-party in order to obtain information to aid in bringing an action. As such, that case and those cited to therein are distinguishable from this matter, where the administrator seeks information from a party in a pending action in another court. The administrator acknowledges that three lawsuits have been filed in the Supreme Court between the parties herein, and that one of those lawsuits remains pending.
Warshaw v. Yaluk, 2008 N.Y.Misc. LEXIS 1712, a matter heard in this court, does state that this court has jurisdiction "to administer justice in all matters relating to estates and the affairs of decedents". However, in that matter, the fiduciary brought an action against an individual, seeking to recover assets that they argued belonged to the estate of the decedent. In fact, SCPA § 2103 provides for a miscellaneous proceeding by a fiduciary to discover property withheld or to obtain information related to possible assets of a decedent. However, unlike in Warshaw v. Yaluk, no SCPA § 2103 action has ever been filed relative to this decedent and presently there is no matter pending relative to the decedent before this court.
This court also rejects the argument raised by administrator that the subpoena should issue from this court because of the restrictions contained in the limited letters of administration. Generally, this court hears the compromise orders in wrongful death actions pursuant to EPTL § 5-4.6, after the completion of the matter in supreme court. This court does not adjudicate the underlying causes of action.
Further, CPLR § 2302 provides for issuance of a subpoena by the court where there is a pending action. Also, as noted by LIRR, CPLR § 2307 provides that judicial subpoenas issued to a municipal corporation are to be served upon a justice of the supreme court in the district in which the municipal corporation is located or where the action is triable. Inasmuch as it appears the judicial subpoena sought is essentially a discovery request in the underlying action pending in the supreme court, it would not be proper for this court to issue the judicial subpoena.
Based upon all of the foregoing, the subpoena sought should be requested in the context of the pending action between these same parties in supreme court. 
Accordingly, the motion seeking issuance of a judicial subpoena is denied and the order [*3]to show cause seeking to quash the subpoena is moot.